The **NORTH DENVER BANK**

v.

Glen C. **FREEBY** et ux.

Civ. 4–781.

United States District Court
N. D. Texas,
Fort Worth Division.

Aug. 11, 1967.

repossession of "property" by the plaintiff of a value sufficient to settle all sums due on the note. Defendants' answer further alleged that notations appearing on the back of the note reflected on their face that additional advances "on said note" had been made and repaid and the repayment constituted extinguishment of the original principal sum due on the note.

On April 13, 1967, the deposition of Glen C. Freeby was taken, and in response to the questions propounded the witness made the following admissions:

(1) Both he and his wife executed and delivered the note sued upon, along with and in the presence of the other co-makers.

(2) Immediately after the defendants and the other co-makers executed the note sued upon, ABC Enterprises, Inc., (referred to as ABC Corporation in the deposition) was credited in its account with the plaintiff, The North Denver Bank, with a deposit of $15,000.00.

(3) Neither of the defendants had ever paid any sums of money or other consideration of any kind or character to apply on interest or principal maturing on said note sued upon.

(4) Defendant was of the opinion that the note sued upon had been paid in full and that he had so pled payment of the same in his answer to plaintiff's original complaint based solely on the following facts:

(a) The testimony of one Sam McMorrine (a co-maker on the note held by plaintiff) elicited by written interrogatories in a suit now pending in the District Court in and for the City and County of Denver, State of Colorado, being Civil Action No. B–66119, and styled G. C. Freeby vs. Sam McMorrine, et al., was to the effect that interest on the note had been paid on three separate occasions and the note extended, and that although the note was past due and in default, an arrangement to discharge the same by the transfer to the bank of the Brookside properties *was being negotiated.*

---

Robert Maddox, Fort Worth, Tex., for plaintiff.

Wm. L. Bagby, Jr., Arlington, Tex., for defendants.

## OPINION

BREWSTER, District Judge.

Plaintiff, The North Denver Bank, filed this suit to collect the original principal balance, plus interest and attorneys' fees, due on a promissory note dated July 2, 1963, executed by the defendants, Glen C. Freeby and wife, Gertrude L. Freeby, as well as certain other individual co-makers and ABC Enterprises, Inc., a corporate co-maker. Defendants filed an answer admitting the execution and delivery of the note but pleading payment or satisfaction of the same by the prior

(b) Testimony of one Russell W. Bartels (likewise a co-maker on the note sued upon) given in his oral deposition taken in the above captioned suit to the effect that *a verbal agreement was being worked out* with the President of The North Denver Bank for extinguishment of the note, with an excerpt from such purported deposition testimony being exhibited by the defendant and included as Exhibit 3 in defendant's deposition.

(c) The $15,000.00 advanced by The North Denver Bank on the date of the execution of the note sued upon was not advanced to the defendants Glen C. Freeby and wife, Gertrude L. Freeby, individually, but was deposited to the credit of one ABC Enterprises, Inc., a corporation, and thereafter immediately paid over to The North Denver Bank. The defendant's testimony being admittedly based on what he alleged to be a copy of a bank statement of ABC Enterprises, Inc. which he, the defendant, exhibited at the time his deposition was taken and now appearing as Exhibit 4 to such deposition.

After the defendant Freeby stated the above three reasons why he had no obligation on the note in question, he was asked, as appears on page 26 of his deposition, the following question and gave the following answer:

"Q All right. Now, are there any other reasons that you say that you have paid this obligation or that it had been paid and extinguished on your behalf other than what you have already stated?

"A No. See, I was separated from ABC Corporation in September of 1964. A notice went out. I questioned some of the operations, and the notice went out that I was no longer connected with ABC Corporation, and after that date I can't tell you what happened."

Subsequent to the transcription of the deposition of defendant Freeby, plaintiff filed its motion for summary judgment supported by affidavit and incorporating the deposition of the defendant, Glen C. Freeby, praying for judgment as a matter of law. Defendant filed an answer to plaintiff's motion for summary judgment supporting same by affidavit of the defendant, Glen C. Freeby, and an affidavit by his attorney of record, William L. Bagby.

Defendant's answer or reply to plaintiff's motion for summary judgment alleges that a fact issue exists as to the balance due on the note sued upon by virtue of the entries appearing on the back of the note, which entries are purportedly quoted. The entries as quoted in the answer are incorrect, which is readily apparent when compared with the notations on the note. The answer further incorporates as creating a fact issue the substance of a supporting affidavit executed by the defendant, Glen C. Freeby. Nowhere in the affidavit does the defendant, Glen C. Freeby, set forth any statements admissible in evidence which would create a fact question as to payment of the balance due on the note sued upon, but rather reiterates in the form of conclusions the same defenses that he testified to in his deposition, i. e., certain co-makers on the note sued upon had previously taken steps to pay the principal and interest by the conveyance of certain properties either to the bank or to third parties for the bank's benefit, and that the defendants, Glen C. Freeby and wife, Gertrude L. Freeby, did not benefit from the loan transaction. Attorney Bagby in his affidavit attaches copies of instruments purportedly found of record in Denver, Colorado, and sets forth various conclusions with regard to them. None of the attached instruments convey title to any property to The North Denver Bank but to the contrary, the property described in such exhibit reflects to have been foreclosed on by a different corporation.

Neither affidavit sets forth any admissible testimony which would create an issue of fact as to when and in what amount and in what manner the alleged payments were made on the note sued upon, but rather the defendant Freeby

in his affidavit reiterates the same defenses set forth in his deposition to the effect that someone *was going to* satisfy the note. This defense clearly does not create a fact issue.

The notations appearing on the back of the note do not reflect on their face any payment of the principal balance due on the note or of the payment of any interest beyond the 29th day of December, 1964. There are two off-setting entries of $20,363.04 each, one on June 1, 1964, and the other on June 30, 1964, which defendant alleges to reflect payment of the principal balance of $15,000.00 alleged to be due on the note, defendants' counsel having advanced the argument that the entries on the note reflect that an additional advance was made on June 1, 1964, and that the credit or payment of a like sum on June 30, 1964, should as a matter of law be first credited to the original balance of $15,000.00, thereby extinguishing the original obligation upon which the defendant, Glen C. Freeby, was a co-maker.

The affidavit of Betty M. Wick, an employee of the plaintiff bank, sets forth that there was at no time from the date of the note sued upon an additional advance of $20,363.04 made to or for or on behalf of any of the co-makers of the note, but assuming for the purpose of argument that there had been such an advance made to one or more of the co-makers, the defendants' legal argument is still patently incorrect in that under the laws of the State of Colorado, as set forth in the memorandum of authorities attached to this narration, the bank would have the right to apply the credit of $20,363.04 against the original debit of the like sum if the bank so desired.

The entries on the note clearly reflect on their face that after the credit of the sum of $20,363.04, the remaining principal balance due on the note was $15,-000.00. The three remaining entries on the note are explained by the affidavit of Betty M. Wick as constituting further bookkeeping entries pertinent only to the internal control of the books of account of the bank.

The substantive laws of the State of Colorado govern the rights of the respective parties to this litigation. 12 Tex.Jur.2d, page 308, reads as follows:

"The capacity to contract, and the validity, interpretation, and obligations of contracts are to be determined by the laws of the state where the contracts were made and performed.

"Whatever goes to the substance of the obligation, and affects the rights of the parties, as growing out of the contract itself, or inhering in it or attaching to it, is governed by laws of the place of contract, and the laws of that state become as much a part of the contract as if specifically stated therein." (citing cases).

If we assume that there exists in the instant case a question involving application of payments, the law in the State of Colorado appears to be well settled that in the absence of a direction by the debtor to apply his payment in a particular manner or to a particular account, the creditor may apply such payment as he sees fit. Jackson v. A. B. Z. Lumber Co. (1964), 155 Colo. 33, 392 P. 2d 288; Richie v. Phillebaum, 137 Colo. 295, 324 P.2d 375; In re Rhine, 213 F. Supp. 527, D.C.Colo. (1963).

While this Court is ordinarily reluctant to grant a motion for summary judgment, it is felt that this is the kind of case for which such character of judgment is designed. The suit is for a liquidated amount due upon a negotiable instrument. The execution, delivery and validity of the note are not questioned. The defendants, through exhaustive oral depositions, were given a chance to testify to any defense. The oral depositions of other witnesses were also taken, and they indicated no defense to the note. The motion for summary judgment came after the completion of discovery, and was presented at the pre-trial hearing where counsel for both parties were heard in connection with it. There is no possible genuine issue as to any material fact, and the plaintiff's motion should be granted.

■ The defendant, Gertrude L. Freeby, is now, and was at the time of the execution of the note in question, the wife of the defendant, Glen C. Freeby. She cannot therefore be held personally liable on the note, and judgment will be rendered in her favor.

Judgment will be rendered for the plaintiff against the defendant, Glen C. Freeby, for the amount of the balance due on the principal, together with attorneys' fees in the sum of $1500.00, together with interest thereon at the rate provided in the note.