Harold V. **BEIGHLEY** and wife, Mary Beighley, and El Rancho Pinoso, Inc., Plaintiffs,

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver of Moncor Bank, N.A., Hobbs, New Mexico, and Federal Deposit Insurance Corporation, in its Corporate Capacity, Defendants.**

Civ. A. No. CA-5-85-324.

United States District Court,
N.D. Texas,
Lubbock Division.

Feb. 10, 1988.

Johnny Roy Phillips, Seminole, Tex., Thomas W. George and Lee Vickers, Austin, Tex., for plaintiffs.

Harold H. Pigg, Brock, Morton & Pigg, Lubbock, Tex., for defendants.

## ORDER

WOODWARD, Senior District Judge.

On October 22, 1987, defendant moved for summary judgment on plaintiffs' complaint and on its own counterclaim. By Order of December 30, 1987, 676 F.Supp. 130, this court indicated that it would enter judgment for the defendant, Federal Deposit Insurance Corporation (FDIC), "unless plaintiffs provide[d] a clear statement of which documents they claim satisfy 12 U.S.C. § 1823(e)(1), which satisfy § 1823(e)(2), which satisfy § 1823(e)(3), and which satisfy § 1823(e)(4)." On January 12, 1988, plaintiffs filed a brief attempting to satisfy the directive of that Order. Plaintiffs also raised questions about discovery and sought reconsideration of rulings on other issues in the December 30, 1987, Order. Also on January 12, 1988, defendant's First Amended Answer and Counterclaim and plaintiffs' Second Amended Complaint were filed.

Since then, plaintiffs and defendant have responded to and answered each other's amended pleadings and defendant has moved to dismiss and has reasserted its summary judgment motion. Plaintiffs have now responded.

### I. 12 U.S.C. § 1823(e)

In their most recent responses, plaintiffs argue energetically that they have raised a factual dispute regarding whether they satisfied 12 U.S.C. § 1823(e). If they have, then summary judgment on that basis must be denied. Fed.R.Civ.P. 56. However, there is no factual issue. The documents and depositions plaintiffs offer are not disputed. The dispute, rather, concerns only the legal significance of those documents and depositions: whether they satisfy the requirements of § 1823(e).

According to the United States Supreme Court, 12 U.S.C. § 1823(e) serves two purposes. It "allow[s] federal and state bank examiners to rely on a bank's records in evaluating the worth of the bank's assets." *Langley v. FDIC*, —— U.S. ——, ——, 108 S.Ct. 396, 401, 98 L.Ed.2d 340 (1987). It also "ensure[s] mature consideration of unusual loan transactions by senior bank officials, and prevent[s] fraudulent insertion of new terms, with the collusion of bank employees, when a bank appears headed for failure." *Id.* at ——, 108 S.Ct. at 401.

To achieve those ends, congress established the requirement that

No agreement which tends to diminish or defeat the right, title or interest of the [FDIC] in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which ap-

proval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

12 U.S.C. § 1823(e).

These provisions are, and must be if they are to function as the Court has said they do, precise. Section 1823(e) is, the Court concluded, "categorical." *Langley,* — U.S. at ——, 108 S.Ct. at 403.

■ Plaintiffs have provided seventy-one (71) exhibits which they contend satisfy the requirements of § 1823(e). There is little doubt that when the exhibits are read together the agreement upon which plaintiffs rely can be inferred. But § 1823(e) does not deal with inference. It demands "categorical" compliance, and that is something plaintiffs' exhibits do not provide.

For example, plaintiffs assert that exhibits 1, 7, 8, 9, 10, and 11, taken together, satisfy § 1823(e)(2) which requires that the agreement be "executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank." It is true that the terms of the alleged agreement can be derived from these exhibits. And it is true that the exhibits can be said to have been executed by the appropriate persons and entities "contemporaneously with the acquisition of the asset." What is *not* true is that these exhibits *are* a written agreement executed "contemporaneously with the acquisition of the asset." At best they are strong evidence of the agreement.

Evidence of the agreement, however, is not what § 1823(e) requires. "The short of the matter is that congress opted for the certainty of the requirements set forth in § 1823(e). An agreement that meets them prevails even if the FDIC did not know of it; and an agreement that does not meet them fails even if the FDIC knew." *Langley,* — U.S. at ——, 108 S.Ct. at 403. In this case, the agreement does not meet the requirements of § 1823(e). It necessarily fails.

## II. Discovery

■ Plaintiffs' brief also asserted that failures by the FDIC and by the Office of the Comptroller of the Currency to produce documents plaintiffs had requested is prejudicial to their case. They contend that entry of judgment against them must be improper as long as "official records" they believe exist are not produced.

The difficulty is that there is neither evidence that such records actually do exist nor evidence that such records, if they do exist, would materially strengthen, or even be relevant to plaintiffs' position. Plaintiffs cite to a statement in a deposition in support of the proposition that certain of the documents did once exist, and they speculate that the documents they hope to discover "may lead to further documentation in satisfaction of 1823(e)." Brief in Response to Court's Order of December 30, 1987 at 14. Plaintiffs acknowledge that FDIC has tried and failed to locate the documents they seek. And plaintiffs declare that they are continuing discovery with the Comptroller in hopes of finding further evidence.

This cause had been set for trial on December 7, 1987, with a discovery deadline established of November 23, 1987. Absent evidence of bad faith on the part of either the FDIC or the Comptroller of the Currency, and absent evidence that the documents and records sought actually exist, and absent more than speculation that if the documents and records exist and are discovered they would have any impact on the matters at hand, this court will no longer prolong the entry of judgment.

## III. Request for Reconsideration

■ Plaintiffs have also asked the court to reconsider its holding that § 1823(e) and the Supreme Court's decision in *Langley* are not applicable to affirmative actions against the FDIC. For the reasons set forth in its Order of December 30, 1987, the court reaffirms its ruling. Allowing parties to apply in affirmative actions against the FDIC agreements congress has specifically precluded them from using in defensive actions is to allow "an end run around § 1823(e)," *FDIC v. Lattimore*

*Land Corp.*, 656 F.2d 139, 146 n. 13 (5th Cir. Unit B 1981).

Plaintiffs have also sought a reconsideration of the court's ruling that the FDIC in its corporate capacity is a proper party to this suit and, therefore, can maintain a counterclaim. For the reasons set forth in its Order of December 30, 1987, the court rejects that request. Moreover, plaintiffs' Second Amended Complaint does allege a cause of action against the FDIC in its corporate capacity, and therefore a counterclaim by FDIC in its corporate capacity is properly pled in this case. Plaintiffs' contention is now, therefore, moot.

Accordingly, it is ORDERED, ADJUDGED and DECREED that plaintiffs take nothing from defendants.

It is further ordered that judgment should be entered for the defendants on their counterclaims.

The trial setting of this cause is hereby vacated.