**FEDERAL DEPOSIT INSURANCE CORPORATION as Manager of the FSLIC Resolution Fund as Receiver for Sunbelt Savings Association of Texas, Plaintiff,**

**and**

**Sunbelt Savings, FSB Dallas, Texas, Intervenor,**

**v.**

**Gordon D. BROWNING, Defendant.**

**Civ. A. No. CA3–89–2297–H.**

United States District Court, N.D. Texas, Dallas Division.

Dec. 27, 1989.

Charles R. Haworth, Patrick Longan, Andrews & Kurth, Dallas, Tex., for F.D.I.C.

David P. Blanke, Locke Purnell Rain Harrell, Dallas, Tex., for Sunbelt.

Robert Mow, Paul Koning, Hughes & Luce, Dallas, Tex., for Browning.

### MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court is the Renewed Motion of the Federal Deposit Insurance Corporation—Receiver (the "FDIC") to Dismiss, filed November 27, 1989; and Defendant Browning's Response, filed December 18, 1989.

### I.  BACKGROUND

On May 31, 1989 the Court denied a first motion to dismiss filed by the FDIC's predecessor, the Federal Savings and Loan Insurance Corporation ("FSLIC").  In that first motion FSLIC, as receiver for Sunbelt Savings Association of Texas ("Old Sunbelt"), sought to dismiss Defendant Browning's counterclaims against Old Sunbelt because such claims had become moot.[1]  Specifically, the FSLIC argued that because Old Sunbelt had been declared insolvent by the Federal Home Loan Bank Board and was without enough assets to satisfy even secured creditors, Browning would never be able to collect from Old Sunbelt even if successful in obtaining judgment.  As a judgment creditor Browning would be unsecured and thus not entitled to any of Old Sunbelt's assets.

This Court, relying on *Southern Classical Homes, Inc. v. FSLIC*, No. 3–88–2273–D, slip op. (N.D.Tex. May 26, 1989), refused to dismiss Browning's claims.  In *Southern Classical*, Judge Fitzwater, following

---

**1.**  Old Sunbelt filed this as a collection action under a series of notes and guaranties.  Browning counterclaimed asserting fraud, breach of contract, declaratory judgment, breach of fiduciary duty, and usury.

the Fifth Circuit's decision in *Ratner v. Sioux Natural Gas Corp.*, 770 F.2d 512 (5th Cir.1985), held that the fact that a judgment debtor lacks the means to satisfy its monetary liability does not, without more, nullify the issues of a case. *Southern Classical, supra,* slip op. at 3. Judge Fitzwater also held that a court should not deprive a claimant of "the opportunity to execute a judgment on assets that may come into a defendant's possession in the future simply because a 'collection' problem may now exist." *Id.*

## II.  THE TRILAND RULING AND FIRREA

This Court's May ruling on the FSLIC's (now FDIC's) first motion to dismiss has now been eclipsed by the Fifth Circuit's September 22, 1989 decision in *Triland Holdings & Co. v. Sunbelt Svc. Corp.*, 884 F.2d 205 (5th Cir.1989). In *Triland*, the Fifth Circuit reexamined *Ratner, supra,* and the issue of prudential mootness in light of evolving conditions in the troubled banking industry and the enactment of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). In dictum, the court clearly and plainly stated:

> FSLIC [argues] that there will *never* be any assets with which to satisfy a judgment against Sunbelt Savings nor any means to collect from any other party, including FSLIC. If true, this contention would justify dismissal of these actions on prudential grounds.

*Triland, supra,* 884 F.2d at 208. Although the *Triland* court felt the record before it was insufficient to make such a determination, the record before this Court does facilitate a ruling as to whether Browning will ever be able to collect a potential judgment.

First, it is undisputed that the Federal Home Loan Bank Board, in Resolution No. 88–788P, determined (1) that Old Sunbelt was insolvent, and (2) that the liquidation of that institution's assets would leave none available for unsecured creditors. Thus, no assets of Old Sunbelt will ever be available to Browning even if he is successful in the counterclaims.

Second, the Court observes that the FDIC as Receiver will never possess any of Old Sunbelt's assets in the future from which Browning could collect. The purchase and assumption agreement by which FSLIC resurrected Old Sunbelt into Sunbelt Savings, FSB ("New Sunbelt") guarantees that the receiver for Old Sunbelt (first FSLIC–Receiver, now the FDIC) will never obtain any assets that could be available for distribution to unsecured creditors. All of the rights to pursue claims inherited from Old Sunbelt were transferred either to New Sunbelt or to FSLIC in its Corporate capacity.

Third, FIRREA now limits the maximum liability of the FDIC (as Old Sunbelt's Receiver) on claims like those asserted by Browning. The statute caps this liability at the amount Browning would have received in a liquidation. As discussed above, Browning will never receive anything should Old Sunbelt be liquidated. Thus, this Court may not legally enter a judgment against the FDIC in favor of Browning for any amount of monetary damages. *See* FIRREA, Pub.L. No. 101–73 § 212, 1989 U.S.Code Cong. & Admin.News (103 Stat.) 242 (to be codified at 12 U.S.C. 1821(i)(2)).

Thus, Browning, if successful on his counterclaims, cannot achieve a monetary recovery from Old Sunbelt. Browning, in a bit of wishful thinking, argues that the possibility of a consolidation of other receiverships or transfer of assets from other sources into the Sunbelt Receivership demonstrates the possibility of future collectible assets. The Court disagrees. Although there is wisdom in the phrase "Never say never," the record before the Court demonstrates Browning's scenario to be an extremely remote possibility. As a practical matter, Browning will never be able to recover on his counterclaims, and they should be dismissed on prudential grounds. *Triland*, 884 F.2d at 208. Accordingly, to the extent that Browning's counterclaims seek monetary damages (e.g., fraud, breach of contract, breach of fiduciary duty, usury), these claims are DISMISSED.

III. CONCLUSION

The Court GRANTS the FDIC's renewed motion to dismiss.

SO ORDERED.