## VILLAGE SOUTH JOINT VENTURE, Plaintiff,

v.

## FEDERAL DEPOSIT INSURANCE CORPORATION, as Manager of the FSLIC Resolution Fund, as Successor to the FSLIC, as Receiver for Vista Savings Association, Bluebonnet Savings Bank, FSB, Defendants.

### Civ. A. No. CA3–89–0122–D.

United States District Court,
N.D. Texas,
Dallas Division.

March 19, 1990.

Thomas J. Stutz of the Law Office of Windle Turley, P.C., Dallas, Tex., for plaintiff.

Margaret Ann White of Gardere & Wynne, Dallas, Tex., for defendants.

FITZWATER, District Judge:

In this civil action against the Federal Deposit Insurance Corporation ("FDIC"), as receiver for a failed savings and loan association, the court grants summary judgment on the basis that plaintiff can recover nothing from the FDIC by reason of a provision of the recently-enacted Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub.L. No. 101–73, 103 Stat. 183 (1989) ("FIRREA").

I

Plaintiff Village South Joint Venture ("Village South") filed this action in state court against Vista Savings Association ("Vista") asserting breach of contract, fraud, and deceptive trade practices based

on Vista's refusal to fund a loan. In December 1988 the Federal Home Loan Bank Board declared Vista insolvent and appointed the Federal Savings and Loan Insurance Corporation ("FSLIC") receiver for Vista.[1] The FSLIC then removed the case to this court. Following the enactment of FIRREA, the FDIC became statutory successor to the FSLIC and the receiver for Vista.

Village South alleges that Vista agreed to lend Village South $2.05 million and subsequently reneged on its promise because Vista had exceeded its lending limit. Village South further contends it relied on Vista's representation that the loan would be funded and obtained an interim loan to begin development of its project. When Vista was unable to provide permanent funding, Village South was unable to repay the interim loan and, as a result, the interim lender foreclosed. Village South seeks actual and punitive damages.[2]

The FDIC moves to dismiss plaintiff's fraud and deceptive trade practice claims on the ground that plaintiff has failed to plead fraud with sufficient specificity. Alternatively, defendant seeks summary judgment on the ground that the doctrine of *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), prohibits the assertion of fraud claims against the FDIC. Finally, the FDIC argues that, by virtue of FIRREA, the FDIC is not liable for any claims of the failed institution's unsecured creditors in this case. Village South has not responded to the motion. The court need only reach the last contention to conclude that Village South cannot recover in this action and that the FDIC is entitled to summary judgment.

II

FIRREA provides that the FDIC's maximum liability to any person having a claim against the receiver or the failed institution for which the FDIC is acting as receiver is the amount the claimant "would have received if the [FDIC] had liquidated the assets of such institution." 12 U.S.C. § 1821(i)(2).[3] The FDIC argues that it will never be able to satisfy a judgment entered in this action because Vista's assets are insufficient to satisfy even the claims of secured creditors and depositors. The FDIC thus urges that its maximum liability in this case will be zero. The court agrees.

On December 22, 1988 the Federal Home Loan Bank Board ("FHLBB") declared Vista insolvent, appointed the FSLIC receiver, and determined the relative priorities of claimants to Vista's assets according to its regulations and Texas law. The FHLBB concluded that if Vista were liquidated, its assets would be insufficient to satisfy the claims of depositors and secured creditors, who by law are entitled to the highest priority. According to the FHLBB, unsecured creditors would be entitled to nothing on their claims.

Section 1821(i)(2) of title 12 of the United States Code does not permit the court to disregard the FHLBB's determination of the value of Vista's assets and liabilities. If the court were so empowered, parties dissatisfied with the FHLBB's determination could collaterally attack the finding, thus saddling the FDIC as receiver with multiple determinations of the "true" value

---

1. The FSLIC as receiver transferred the assets of Vista—except claims against directors and officers and other specified claims—to Bluebonnet Savings Bank, FSB ("Bluebonnet") in a purchase and assumption transaction. Bluebonnet agreed to assume Vista's liabilities to depositors and secured creditors. Bluebonnet did not agree to assume unsecured liabilities, such as those asserted in the present case, and so is not liable to Village South.

2. The FDIC argues that it is not liable for punitive damages. Because the court concludes Village South is entitled to no recovery from the FDIC, the court does not reach this contention.

3. 12 U.S.C. § 1821(i)(2):

   The maximum liability of the Corporation, acting as receiver or in any other capacity, to any person having a claim against the receiver or the insured depository institution for which such receiver is appointed shall equal the amount such claimant would have received if the Corporation had liquidated the assets and liabilities of such institution without exercising the Corporation's authority under subsection (n) of this section or section 1823 of this title.

of the failed institution's assets and liabilities. *See FSLIC v. Locke,* 718 F.Supp. 573, 586 (W.D.Tex.1989) (FHLBB determination that claims of unsecured creditors were worthless was a final agency action not subject to collateral attack); *cf. Craft v. Florida Fed. Sav. & Loan Ass'n,* 786 F.2d 1546, 1552 (11th Cir.1986) (final action of FHLBB in connection with stock conversion plan could not be collaterally attacked in district court because court of appeals had exclusive jurisdiction to review final agency action); *McCowen v. Jamieson,* 724 F.2d 1421, 1423 (9th Cir.1984) (Department of Agriculture case) (where court would be required to determine that federal agency erred, Secretary of agency should be a party to the action); *Carey v. O'Donnell,* 506 F.2d 107, 110 (D.C.Cir.1974) (Civil Aeronautics Board case) (where Congress provided a scheme for review of airline mergers, collateral attack was impermissible), *cert. denied,* 419 U.S. 1110, 95 S.Ct. 783, 42 L.Ed.2d 806 (1975); *Boles v. Greeneville Housing Authority,* 468 F.2d 476, 479 (6th Cir.1972) (Department of Housing and Urban Development case) (review of agency action in case where agency is not a party deprives the agency of the right to defend the integrity of its administrative decisions). Federal law provides a basis to obtain direct review of such a determination. 5 U.S.C. § 701 *et seq.*

Pursuant to 12 U.S.C. § 1821(i)(2), even if Village South were to obtain a judgment in this case, it would not be entitled to any recovery. Vista's assets and liabilities have been finally valued and the grim reality is that Vista's deposit and secured liabilities far exceed its assets. In enacting § 1821(i)(2), Congress adopted a policy of requiring creditors of failed institutions to look only to the assets of the institution and not to the taxpayer's pocketbooks for recovery of their losses. It is emphatically the province of the Congress to allocate such losses in the manner it deems fit, as long as it does so agreeably with the Constitution of the United States. Congress has chosen to place the burden of this type

of loss upon the unsecured creditor. Because it is clear that, regardless of the underlying validity of Village South's claims, Village South is entitled to no recovery, the court grants the FDIC's motion for summary judgment.[4] A judgment in favor of the FDIC has been filed today.

SO ORDERED.

---

**4.** The FDIC argues on the basis of the Fifth Circuit's recent decision in *Triland Holdings & Co. v. Sunbelt Service Corp.,* 884 F.2d 205 (5th Cir.1989), that this case should be dismissed on prudential grounds, as well. The court need not decide this question.