TRILAND INVESTMENT
GROUP, Plaintiff,

v.

The FEDERAL DEPOSIT INSURANCE CORPORATION, as Manager of the FSLIC Resolution Fund, as Receiver for Sunbelt Savings Association of Texas, Defendant.

Civ. A. No. CA3–88–2195–D.

United States District Court,
N.D. Texas,
Dallas Division.

April 25, 1990.

Richard Jackson and Tresi Moore Freemyer of Richard Jackson & Associates, Dallas, Tex., for plaintiff Triland Inv. Group.

Charles R. Haworth, Patrick E. Longan, and Mikel J. Bowers of Andrews & Kurth, Dallas, Tex., for defendant FDIC.

FITZWATER, District Judge:

The Federal Deposit Insurance Corporation ("FDIC"), as manager of the FSLIC Resolution Fund and as statutory successor to the Federal Savings and Loan Insurance Corporation ("FSLIC"), moves for

partial summary judgment, presenting the question whether plaintiff's claims are barred by § 212 of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub.L. No. 101–73, 1989 U.S.Code Cong. & Admin.News (103 Stat.) 183, 242, 12 U.S.C. § 1821(i)(2).

I

Plaintiff Triland Investment Group ("Triland") initiated this action in Texas state court against Sunbelt Savings Association of Texas ("Old Sunbelt") and Sunbelt Service Corporation ("Sunbelt Service"), alleging violation of state usury laws and breach of contract. On August 19, 1988 the Federal Home Loan Bank Board ("FHLBB") declared Old Sunbelt insolvent and appointed the FSLIC as its receiver. The FSLIC contemporaneously transferred Old Sunbelt's assets to a new entity, Sunbelt Savings, FSB ("New Sunbelt"), in a purchase and assumption transaction. This transaction was conducted after the FHLBB determined in Resolution No. 88–788P that, if Old Sunbelt were liquidated, the assets of Old Sunbelt would be insufficient to pay amounts owed to depositors and secured creditors.

Following the transfer of assets to New Sunbelt, the FSLIC intervened in the state action and removed the action to this court. Judge Fish dismissed the claims asserted against the FSLIC as receiver in reliance upon the then-controlling *Hudspeth*[1] doctrine and remanded the claims against Sunbelt Service to state court. Triland appealed. In the interim, the Supreme Court decided *Coit Independence Joint Venture v. FSLIC*, —— U.S. ——, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989), which overruled *Hudspeth* to the extent pertinent to Judge Fish's decision. The Fifth Circuit's reversal of the dismissal order in this case predictably followed. *See Triland Holdings & Co. v. Sunbelt Serv. Corp.*, 884 F.2d 205, 208 (5th Cir.1989). The circuit court additionally denied the FSLIC's motion to dismiss Triland's claims as moot, and remand-

---

**1.** *North Miss. Sav. & Loan Ass'n v. Hudspeth,* 756 F.2d 1096 (5th Cir.1985), *cert. denied,* 474    U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986).

ed the action to this court. *Id.* at 208, 209. Judge Fish thereafter recused himself and the case was reassigned.

Following remand the court informed the parties it would rule on the FDIC's [2] summary judgment motion prior to ruling on Triland's January 11, 1990 motion to reinstate the previously remanded claims against Sunbelt Service. The FDIC contends that § 212 of FIRREA, 12 U.S.C. § 1821(i)(2), precludes Triland from recovering more than it would have received had Old Sunbelt been liquidated. Because the FHLBB determined that unsecured creditors such as Triland would have received nothing in a liquidation, the FDIC contends Triland's claims must be dismissed.[3] Triland responds that § 1821(i)(2) is not applicable, and otherwise argues summary judgment is not appropriate.

## II

■ In *Village South Joint Venture v. FDIC,* 733 F.Supp. 50 (N.D.Tex.1990), this court concluded that § 1821(i)(2)[4] bars recovery of monetary damages in actions where the FHLBB has determined that unsecured creditors would have recovered nothing on their claims if the failed institution had been liquidated. *Id.* at 51–52. The court held that the FHLBB's determinations in this respect are not subject to collateral attack, lest the FDIC as receiver be saddled with "multiple determinations of the 'true' value of the failed institution's assets and liabilities." *Id.* Thus if the FHLBB, in accordance with the applicable federal regulations, makes a finding of insolvency and determines unsecured credi-

tors would receive nothing in a liquidation, creditors with unsecured claims against the failed institution may not collaterally attack those findings. In addition, assuming no constitutional infirmity exists, § 1821(i)(2) bars recovery of damages from the FDIC where a claimant would not have received any recovery in a straight liquidation of an institution.

It is beyond question in this case that Triland would not have been entitled to recover on its claims had Old Sunbelt been liquidated.[5] Thus, if § 1821(i)(2) is otherwise applicable, Triland is not entitled to recover from the FDIC and its claims for damages must be dismissed.

Triland first contends § 1821(i)(2) is not applicable because that section applies only to receiverships created after the effective date of FIRREA. This contention is easily rejected. The language of § 1821(i)(2) contains no such limitation, and the court discerns no basis to depart from the general rule of applying the law in effect at the time of decision. *See, e.g., Bradley v. School Bd. of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). The Fifth Circuit has applied FIRREA to pending appeals. *E.g., Triland Holdings,* 884 F.2d at 207 (removal jurisdiction authorized by FIRREA).

■ Triland also appears to contend § 1821(i)(2) is unconstitutional. Whether Triland bases its constitutional attack on the Due Process Clause of the Fifth Amendment or on Article III of the Constitution, its arguments are without merit.

**2.** Pursuant to FIRREA, the FDIC, as Manager of the FSLIC Resolution Fund and as Receiver for Old Sunbelt, is the proper party to this action.

**3.** The FDIC also contends Triland's claims should be dismissed on grounds of prudential mootness. Because the court concludes Triland is barred from recovering damages against the FDIC by § 1821(i)(2), the court need not decide the mootness question. The court therefore does not consider Triland's various assertions regarding the mootness issue.

**4.** Section 1821(i)(2):

The maximum liability of the [FDIC], acting as receiver or in any other capacity, to any

person having a claim against the receiver or the insured depository institution for which such receiver is appointed shall equal the amount such claimant would have received if the [FDIC] had liquidated the assets and liabilities of such institution without exercising the [FDIC]'s authority under subsection (n) of this section or section 1823 of this title.

**5.** Triland does not directly contest this conclusion, but avers that additional discovery is needed to verify its accuracy. Because Triland may not collaterally attack the FHLBB's findings, and because there is no suggestion that the FHLBB failed properly to apply the law in making its determinations, further discovery would be irrelevant.

The Constitution is not violated solely because an institution fails and there are insufficient funds to pay all potential claimants. Section 1821(i)(2) essentially preserves the *status quo* with respect to the amount of recovery available to unsecured creditors of a failed institution. This preservation does not amount to an unconstitutional taking of property and is not violative of due process.

■ There similarly exists no violation of Article III. Triland contends that, because the FHLBB determines the value of a failed institution's assets, and because § 1821(i)(2) may bar recovery based on this determination, the FHLBB exercises adjudicatory power in violation of Article III. The court disagrees. The FHLBB does not adjudicate claims, but instead simply follows prescribed regulations in valuing a failed institution's assets. As noted in *Village South,* federal law provides a basis to obtain direct judicial review of the FHLBB's determinations. *Id.* at 52. Moreover, Congress, not the FHLBB, enacted § 1821(i)(2) and thereby limited unsecured creditors' right to recovery. Congress possesses the constitutional authority to bar claims without violating Article III.

Because § 1821(i)(2) is directly applicable and bars any award of monetary damages against the FDIC, the FDIC's motion for partial summary judgment is granted.[6] Triland shall inform the court no later than 20 days from the date of today's order whether it contends it is entitled to any non-monetary relief. If non-monetary relief is not requested, the court will enter final judgment.

SO ORDERED.

---

**6.** To the extent Triland raises additional arguments concerning the application of § 1821(i)(2), those arguments are rejected. The court holds § 1821(i)(2) is constitutional and directly applicable to this case.