Peter W.G. McNEILY, Liquidator for Independent American Participating Income Fund, L.P., Plaintiff,

v.

UNITED STATES of America, et al., Defendants.

Civ. A. No. 3–88–1853–H.

United States District Court, N.D. Texas, Dallas Division.

April 29, 1992.

Richard Gibbons Elliott, Jr., Nina Ann Pala, Robert J. Kriner, Stephen E. Herrmann, Richards Layton & Finger, P.A., Wilmington, DE, Sarah L. Scharnberg, Cohan Simpson Cowlishaw Aranza & Wulff, Dallas, TX, for plaintiff Peter W.G. McNeily.

Larry Miller Lesh, John Patrick McDonald, Locke Purnell Rain Harrell, Orrin Lea Harrison, III, David Paul Blanke, Vinson & Elkins, Dallas, TX, for defendants Robert Russell, Thomas C. Cragg and Resolution Trust Corp.

Shannon Michael Sanders, Michael H. Gentry, West Adams Webb & Allbritton, Bryan, TX, Bobbi Ann Kiese, Donald A. Wall, Colleen Bombardier, Squire Sanders & Dempsey, Phoenix, AZ, Thomas Holzman, FDIC, Washington, DC, for defendant Federal Sav. and Loan Ins. Corp.

David Duke, Law Office of David Duke & Assoc., PC, Arlington, TX, for defendant Arthur L. Westcot.

Richard H. Crowe, Jr., pro se.

Abbe David Lowell, Elizabeth C. Brooks, Sue Ellen Russell, Brand & Lowell, P.C., Washington, DC, Robert M. Greenberg, Law Office of Robert Greenberg, Dallas, TX, for defendant Jack R. Gaubert.

Rebecca A. Gregory, U.S. Attys. Office, Dept. of Justice, Dallas, TX, Stuart M. Gerson, U.S. Dept. of Justice, Civ. Div., Paul Boudreaux, Jerome A. Madden, U.S. Dept. of Justice, Civ. Div., Torts Branch, Washington, DC, for defendant U.S.

James Hamilton, Olwine Connelly Chase O'Donnell & Weyher, Washington, DC, for movant George S. Derr.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court are Resolution Trust Corporation in its capacity as conservator for Sunbelt Federal Savings, FSB's ("RTC" or "RTC Conservator") Motion to Dismiss and Supporting Memorandum, filed December 4, 1991; Plaintiff's Brief in Opposition, filed February 3, 1992; and RTC's Reply, filed February 24, 1992.

### I. *Factual Summary*

Plaintiff, Peter W.G. McNeily, is the liquidator for Independent American Participating Income Fund (the "Income Fund"). This suit is brought against a number of parties in connection with the failure of the Independent Savings Association (the "Association"). Plaintiff alleges losses to the Income Fund arising out of a number of loans in which it participated as a result of and subsequent to this failure.

Plaintiff alleges that in January of 1985, the Association caused its wholly owned subsidiary, Independent American Real Estate, Inc. ("Real Estate"), to form the Income Fund to participate in first and second mortgage loans, and other real estate loans. Plaintiff further alleges that the Association caused Real Estate to form the Income Fund as a part of a scheme to provide itself with a ready source of funds to enable it to sustain its bad loans.

On May 20, 1987 the Association was placed in receivership under the Federal Savings and Loan Insurance Corporation ("FSLIC"). FSLIC transferred substantially all of the Association's assets, including the loans in which the Income Fund participated, to a newly chartered thrift, Independent American Savings Association, F.S.L.A. (the "Association F.S.L.A"). The Association F.S.L.A. also failed and went into FSLIC receivership on August 19, 1988. FSLIC transferred the assets of the Association F.S.L.A., including the loans in which the Income Fund participated, to a another chartered thrift, Sunbelt Savings FSB ("Sunbelt").

On April 25, 1991 Sunbelt failed and was placed into receivership under RTC in its capacity as receiver ("RTC Receiver"). RTC Receiver then entered into a Purchase and Assumption agreement ("P & A Agreement") with a newly chartered thrift, Sunbelt Federal. Sunbelt Federal thereby acquired substantially all of Sunbelt's assets, and some of its liabilities. Sunbelt Federal was placed into conservatorship with RTC Conservator.

Plaintiff has sued Sunbelt Federal on a number of counts involving tort, contract and statutory claims. By operation of law, RTC Conservator stands in Sunbelt Federal's stead as party-defendant. 12 U.S.C. § 1821(d)(2)(A).

### II. *Parties' Contentions*

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), RTC Conservator moves for dismissal on the grounds that all of Plaintiff's successor-in-interest claims are without merit; and that all of Plaintiff's tort claims are barred by the Federal Tort Claims Act (FTCA). 28 U.S.C. §§ 1346, 2671–2680.

In opposition, Plaintiff concedes that the RTC is not liable as a successor-in-interest; but argues that RTC's liability is based on the fact that it is the current repository for Sunbelt's assets and accompanying liabilities, including the assets of the Income Fund that were wrongfully and fraudulently obtained. Plaintiff further argues that the tort claims asserted against the RTC fall outside the ambit of FTCA.[1]

## III. *Analysis*

Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") authorizes the RTC to organize thrift institutions which will "take over such assets or such liabilities as [RTC] may determine to be appropriate." 12 U.S.C. § 1821(d)(2)(F)(i).

This design facilitates the sale of a failed institution's assets (and thus helps to minimize the government's financial exposure) by allowing the RTC to absorb liabilities itself and guarantee potential purchasers that the assets they buy are not encumbered by additional financial obligations.

*Payne v. Security Sav. & Loan Assoc.,* 924 F.2d 109, 111 (7th Cir.1991).

The P & A Agreement between RTC Receiver and Sunbelt Federal governs the liabilities assumed by RTC Conservator. *See id.* at 111–12. Pursuant to the Agreement, RTC Conservator assumed liability for Sunbelt's "indebtedness secured by mortgages, deeds of trust, chattel mortgages, security interests or other liens secured by any assets purchased by the Assuming Bank." P & A

Agreement, Article 2, Section 2.1. Plaintiff concedes that only secured liabilities were transferred to RTC Conservator pursuant to the Agreement.

■ Thus the question before the Court is whether Plaintiff's claims constitute secured liabilities within the meaning of the Agreement that were transferred to Sunbelt Federal or RTC Conservator. Plaintiff's principal argument is that its claims arise out of the Income Fund's participation in loans with the Association which were secured by assets[2] that are now in the possession of Sunbelt Federal; and that as a result of holding title to these assets securing Income Fund's loans, Sunbelt Federal has also assumed the liability attached to those assets.

Liability was transferred to Sunbelt Federal or RTC Conservator only to the extent specifically provided for by the P & A Agreement. *See B.L. Nelson and Associates v. Sunbelt Savings, FSB,* 733 F.Supp. 1106, 1109 (N.D.Tex.1990). In the absence of an express transfer of responsibility for "litigation liability", RTC Conservator can not be held responsible for liabilities that may be "attached"[3] to the assets it acquired but which it has not assumed. *See Payne* 924 F.2d at 111–12; *Federal Savings and Loan Insurance Corp. v. Locke,* 718 F.Supp. 573, 580 (W.D.Tex.1989). To this end, Plaintiff's argument that his claims rise to the status of "secured" by the mere fact that they were attached to assets transferred to RTC Conservator is without merit[4].

---

1. Plaintiff asserts that RTC's motion to dismiss does not address all the claims asserted against it, and specifically excludes Plaintiff's "non-tort" claims for rescission, declaratory judgment and breach of contract. As a preliminary matter, the Court notes that Plaintiff's distinction is without merit since *all* of Plaintiff's claims whether in tort, contract or statute are predicated on the same allegations of tortious conduct, and thus sound in tort for the purposes of FTCA.

2. Plaintiff argues that the Loan Participation Agreements ("LPA") pledged the Association's assets as security for the Income Fund's participation rights:

    The Association and [the Income Fund] shall have undivided ownership interests and parity of security rights in the Loan and Loan Documents corresponding to their respective participating interests in the Loan.

    LPA, Section 1.07.

3. In so holding, the Court need not reach the question whether Section 1.07 of the Loan and Participation Agreements in fact "attached" a liability to the assets transferred.

4. In general, courts have found that judgment creditors to assets of a failed thrift are unsecured. *See Triland Investment Group v. Federal Deposit Insurance Corp.,* 735 F.Supp. 698, 700 (N.D.Tex.1990); *Federal Deposit Insurance Corp. v. Browning,* 757 F.Supp. 772, 773 (N.D.Tex. 1989); *Gulley v. Sunbelt Savings, FSB,* 714 F.Supp. 819, 821 n. 4 (N.D.Tex.1989), *aff'd,* 902 F.2d 348 (5th Cir.1990); *Valley Ranch Development Co. v. Sunbelt Savings, FSB,* 714 F.Supp. 817, 818–19 n. 3 (N.D.Tex.1989).

Similarly, Plaintiff's reliance on the equitable doctrines of constructive trust and equitable lien to establish that his claims are secured liabilities is without merit. The P & A Agreement expressly precludes transfer of equitable rights and remedies:

> Except as otherwise specifically provided, nothing expressed or referred to in this Agreement is intended to or shall be construed to give any Person other than the [RTC as receiver] and [Sunbelt Federal] any legal or equitable right, remedy or claim under or in respect to this Agreement or any of its provisions.

P & A Agreement, Section 12.5.

In sum, Plaintiff's claims do not constitute secured liabilities that pursuant to the P & A Agreement were transferred to RTC Conservator. Furthermore, Plaintiff's claims fall within the ambit of the FTCA, and are thus tort claims from which the RTC Conservator, as an agency of the United States[5], is fully shielded by sovereign immunity[6].

### IV.  Conclusion

For the foregoing reasons, Defendant RTC Conservator's Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED** as to Defendant RTC.

SO ORDERED.

---

**5.** *See* 12 U.S.C. § 1441a(b)(1)(B); *Resolution Trust Corporation v. American Residential Properties,* No. CA3–89–2863–H, slip op. at 15, 1991 WL 540035 (N.D.Tex. Jan. 30, 1991).

**6.** The parties' pleadings on the application of FTCA are materially the same as those presented to this Court in regard to Federal Deposit Insurance Corporation as Manager's ("FDIC Manager") Motion to Dismiss. The Court adopts by reference its analysis as outlined in the Order filed herewith granting FDIC's motion.