**Peter W.G. McNEILY, Liquidator for Independent American Participating Income Fund, L.P., Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

Civ. A. No. 3–88–1853–H.

United States District Court,
N.D. Texas,
Dallas Division.

Apr. 29, 1992.

---

John B. Tolle, U.S. Magistrate Judge Of-. fice, Dallas, TX, for John B. Tolle.

Richard Gibbons Elliott, Jr., Nina Ann Pala, Robert J. Kriner, Stephen E. Herrmann, Richards Layton & Finger, P.A., Wilmington, DE, Sarah L. Scharnberg, Cohan Simpson Cowlishaw Aranza & Wulff, Dallas, TX, for Peter W.G. McNeily.

Larry Miller Lesh, John Patrick McDonald, Locke Purnell Rain· Harrell, Dallas, TX, Orrin Lea Harrison, III, David Paul Blanke, Vinson & Elkins, Dallas, TX, for Robert Russell, Thomas C. Gragg, Resolution Trust Corp.

Shannon Michael Sanders, Michael H. Gentry, West Adams Webb & Allbritton, Bryan, TX, Bobbi Ann· Kiese, Donald A. Wall, Colleen Bombardier, Squire Sanders & Dempsey, Phoenix, AZ, Thomas Holzman, Washington, DC, for Federal Sav. and Loan Ins. Corp.

David Duke, Law Office of David Duke & Assoc., P.C., Arlington, TX, for Arthur L. Westcot.

Richard H. Crowe, Jr., pro se.

**428**

Abbe David Lowell, Elizabeth C. Brooks, Sue Ellen Russell, Brand & Lowell, P.C., Washington, DC, Robert M. Greenberg, Law Office of Robert Greenberg, Dallas, TX, for Jack R. Gaubert.

Rebecca A. Gregory, U.S. Attys. Office, Dept. of Justice, Dallas, TX, Stuart M. Gerson, U.S. Dept. of Justice, Civ. Div., Washington, DC, Paul Boudreaux, Jerome A. Madden, U.S. Dept. of Justice, Civ. Div., Torts Branch, Washington, DC, for U.S.

James Hamilton, Olwine Connelly Chase O'Donnell & Weyher, Washington, DC, for George S. Derr.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court are the Federal Deposit Insurance Corporation as Manager of the Federal Savings and Loan Insurance Corporation's ("FSLIC") Resolution Fund as Receiver for Independent American Savings Association's ("FDIC" or "FDIC Receiver") Renewed [1] Motion to Dismiss, or in the alternative for Summary Judgment and supporting documents, filed November 26, 1991; Plaintiff's Brief in Opposition, filed January 27, 1992; and FDIC's Reply, filed February 14, 1992.

### I. *Factual Summary*

Plaintiff, Peter W.G. McNeily, is the liquidator for Independent American Participating Income Fund (the "Income Fund"). This suit is brought against a number of parties in connection with the failure of the Independent Savings Association (the "Association"). Plaintiff alleges losses to the Income Fund arising out of a number of loans in which it participated as a result of and subsequent to this failure.

Plaintiff alleges that in January of 1985, the Association caused its wholly owned subsidiary, Independent American Real Estate, Inc. ("Real Estate"), to form the Income Fund to participate in first and second mortgage loans, and other real estate loans. Plaintiff further alleges that the Association caused Real Estate to form the Income Fund as a part of a scheme to provide itself with a ready source of funds to enable it to sustain its bad loans.

The Association was placed in receivership under FSLIC on May 20, 1987, and partially succeeded by a "new" Association. The new Association itself went into FSLIC receivership on August 19, 1988. The FDIC is the statutory successor to FSLIC.

On August 19, 1988 the Federal Home Loan Bank Board ("Bank Board") determined that the Association was insolvent, that the obligations of the Association to its secured creditors and deposit account holders greatly exceeded its assets, and that the claims of general unsecured creditors were "worthless" [2]. *See* Bank Board Resolution No. 88–795P, Defendant the FDIC's Original Motion Exhibit ("DX") 1. Pursuant to 12 U.S.C. § 1729(c)(1)(B), the Bank Board appointed the FSLIC as receiver for the Association for the purpose of conducting its orderly liquidation.

Pursuant to 12 U.S.C. § 1729(b)(1)(A), the Bank Board decided that the interests of the Association would be best served by instruct-

---

1. The FDIC originally filed for dismissal or in the alternative for summary judgment on April 16, 1990; the motion became ripe on June 11, 1990. Since such filing, Plaintiff has filed additional pleadings including its latest Fifth Amended Complaint. The FDIC at this time "renews" its motion by relying primarily on its original filing. The Court, not having ruled on FDIC's original motion, will now treat and address the two motions as one.

2. In determining the priority in which creditors' claims would be paid, the Bank Board adopted the priority scheme in effect in Texas. 12 C.F.R. § 569c.11(a)(6). Under the Texas priority scheme, unsecured creditors hold fourth priority after satisfaction of superior claims in the follow-

ing order: administrative costs and expenses of the liquidator, secured creditors to the extent of their security, and depositors with respect to their deposits. Tex.Rev.Stat.Ann. art. 852a, § 8.09(g) (Vernon Supp.1989).

Under the Bank Board's regulations, all valid claims of creditors in each class are fully satisfied before moving on to the next class. 12 C.F.R. § 569c.11(d). When the claims of one class cannot be satisfied in full, members of that class are paid pro rata, and claimants in lower classes receive nothing.

FSLIC as Receiver was required to pay all "valid" credit obligations of the Association. *See* 12 U.S.C. § 1729(b)(1)(B).

ing FSLIC as Receiver to enter into a purchase and assumption agreement with Sunbelt Savings, FSB ("Sunbelt"), a newly chartered federal savings bank. *See* Bank Board Resolution No. 88–796P, DX–2. Sunbelt acquired substantially all of the Association's assets, and assumed the Association's liabilities as regards the depositors to the extent of the deposits, and the secured creditors to the extent of the value of their security. *See* Acquisition Agreement between FSLIC as Receiver for the Association and Sunbelt, DX–3. Sunbelt, however, did not assume any liability with respect to claims by the Association's unsecured creditors. *See id.* at 7. The liability relating to unsecured creditors which had already been determined to be worthless remained with FSLIC as Receiver.

Plaintiff has sued FSLIC as Receiver for the Association for money damages on a number of counts involving tort, contract and statutory claims. FDIC Receiver is successor to FSLIC as Receiver for the Association, and stands in its stead as party-defendant.

## II. *Parties' Contentions*

The FDIC Receiver moves for dismissal or for summary judgment on all Plaintiff's money damages and equitable claims. Pursuant to Section 212 of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), and the prudential mootness doctrine, the FDIC argues that dismissal is warranted because all of Plaintiff's claims as a general unsecured creditor against the receivership estate are worthless; and that effective relief is thus precluded should Plaintiff prevail in the instant litigation.

In opposition, Plaintiff argues that the prudential mootness doctrine is not applicable because the FDIC cannot demonstrate that it will *never* have any assets available to satisfy a judgment in the instant case; and that in fact the FSLIC Resolution fund provides a

source of assets to satisfy Plaintiff's claims. Plaintiff further argues that FIRREA should not be applied retroactively[3].

## III. *Analysis*

■ Section 212 of FIRREA limits the maximum liability of the FDIC Receiver on a creditor's claim to an amount that would have been received in a liquidation. 12 U.S.C. § 1821(i)(2). In addition to this provision, Courts have dismissed money damage claims, as well as equitable claims, asserted against the Receiver on prudential grounds where the creditors would have recovered nothing on their claims if the failed institution had been liquidated. *281–300 Joint Venture v. Onion*, 938 F.2d 35, 38 (5th Cir. 1991), *cert. denied,* — U.S. ——, 112 S.Ct. 933, 117 L.Ed.2d 105 (1922); *TC Joint Venture v. Federal Deposit Insur. Corp.*, 1990 U.S.Dist. LEXIS 18350, *1 (N.D.Tex.1990); *Bowlin v. Federal Deposit Ins. Corp.*, 1990 U.S.Dist. LEXIS 18937, *2 (N.D.Tex.1990).

■ The case law clearly establishes the assets used to satisfy creditors are limited to those that would have been available had the failed institution been liquidated. Any judgment against FDIC Receiver must be satisfied, if at all, from the receivership estate itself. Plaintiff's argument that the FSLIC Resolution Fund provides an additional pool of assets from which its claims may be satisfied runs counter to this precedent and is without merit.

■ Furthermore, the Bank Board's determination of worthlessness evidences the impossibility of effective relief, and is sufficient to support dismissal on prudential mootness grounds. *Onion*, 938 F.2d at 38; *Adams v. Resolution Trust Corp.*, 927 F.2d 348, 354 (8th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 66, 116 L.Ed.2d 41 (1991); *Triland Invest. Group v. Federal Dep. Ins. Corp.*, 735 F.Supp. 698 (N.D.Tex.1990). The Bank Board's determination of worthlessness is not open to collateral attack. *Gulley v. Sunbelt Sav.*, 902 F.2d 348, 351 n. 4 (5th

---

3. The Plaintiff additionally questions its status as an unsecured creditor, and claims that it is a secured creditor of Sunbelt. This issue has already been raised before this Court by the parties' pleadings in regard to Resolution Trust Corporation ("RTC") in its Capacity as Conservator for Sunbelt's Motion to Dismiss. The Order granting RTC's motion is filed herewith, and this Court adopts by reference its finding outlined therein that Plaintiff's status at best is that of an unsecured judgment creditor.

Cir.1990), *cert. denied,* 498 U.S. 1025, 111 S.Ct. 673, 112 L.Ed.2d 665 (1991).

As already established above, in the instant case, the Bank Board determined at the time of insolvency that the Association's assets if liquidated would fall short of its obligations to secured creditors and depositors; and that as a result, the claims of unsecured creditors were "worthless". Contrary to Plaintiff's assertions, the import of the Bank Board's determination is that the Receiver will *never* have any assets with which to satisfy unsecured claims. *See Adams,* 927 F.2d at 354.

 The prudential mootness doctrine, while drawing affirmation from Section 212 of FIRREA, is not dependent on this provision for its viability; and, in fact, it is rooted in a judicial recognition that dismissal is warranted where all possibilities for effective relief are precluded. *See Onion,* 938 F.2d at 38 (In upholding dismissal on prudential grounds, court makes no mention of Section 212); *Triland Holdings & Co. v. Sunbelt Serv. Corp.,* 884 F.2d 205, 208 (5th Cir.1989) (In discussing dismissal on prudential grounds, court makes no mention of Section 212). To this extent, Plaintiff's argument that Section 212 should not be applied retroactively is inapposite.

Even where the court's dismissal is premised exclusively on Section 212, FIRREA has been applied retroactively. *Triland,* 735 F.Supp. at 700 n. 3 (Relying on Section 212, the court does not reach the applicability of the prudential mootness doctrine). The Fifth Circuit has endorsed more generally the retroactive application of FIRREA to pending cases. *See Federal Sav. & Loan Ins. Corp. v. Griffin,* 935 F.2d 691, 695–96 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1163, 117 L.Ed.2d 410 (1992); *Sunbelt Sav., FSB v. Bent Trail Phase IV Joint Venture,* 907 F.2d 1569, 1571 (5th Cir. 1990).

There exist no material issues of fact, and judgment is appropriate as a matter of law. *Christophersen v. Allied–Signal Corp.,* 902 F.2d 362, 364 (5th Cir.1990). Plaintiff's claims for monetary and equitable relief against FDIC Receiver must be dismissed on prudential mootness grounds.

### IV. *Conclusion*

For the foregoing reasons, Defendant FDIC Receiver's Motion to Dismiss, or alternatively for Summary Judgment is **GRANTED**. Plaintiff's Complaint is **DISMISSED** as to Defendant FDIC Receiver.

SO ORDERED.