
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ST. VINCENT MEDICAL CENTER, a California non-profit religious corporation, | No. 12-56678 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-02694-SVW-CW |
| v. | |
| MEGA LIFE AND HEALTH INSURANCE COMPANY, an Oklahoma for profit corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted August 27, 2014
Pasadena, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and RAKOFF, Senior District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Plaintiff-Appellant St. Vincent Medical Center ("St. Vincent") appeals from the district court's grant of summary judgment in favor of The MEGA Life and Health Insurance Company ("MEGA Life"). In the district court, St. Vincent unsuccessfully argued that MEGA Life breached a contract with it and, in the alternative, that MEGA Life was estopped from failing to pay for care received by two of its insureds.

The general rule in California is that "only a signatory to a contract may be liable for any breach." *Clemens v. Am. Warranty Corp.*, 193 Cal. App. 3d 444, 452 (1987); *see also Jones v. AIG Risk Mgmt., Inc.*, 726 F. Supp. 2d 1049, 1055 (N.D. Cal. 2010) (dismissing, under California law, claim for breach of contract against defendant not party to the contract); *Tri-Continent Int'l Corp. v. Paris Sav. & Loan Assoc.*, 12 Cal. App. 4th 1354, 1359 (1993) (explaining that "[plaintiff] cannot assert a claim for breach of contract against one who is not a party to the contract"). The parties do not dispute that there is no written agreement between St. Vincent and MEGA Life.

St. Vincent seeks to avoid the general rule by arguing that a series of agreements between it and First Health Group, which in turn contracted with MEGA Life, must be read as one contract. St. Vincent's position relies principally on some similar language contained in the two contracts, but St. Vincent admits

2

that it has found no authority for the proposition that the similar language gives rise to a contract in these circumstances. Moreover, St. Vincent fails to give effect to the integration clause contained in the agreement between St. Vincent and First Health Group, the integration clause contained in the agreement between First Health Group and MEGA Life, and the disclaimer of any third party rights in the contract between First Health Group and MEGA Life.

Nor do the two agreements incorporate each other by reference. California law requires that incorporation by reference be "clear and unequivocal." *Avery v. Integrated Healthcare Holdings, Inc.*, 218 Cal. App. 4th 50, 66 (2013) (citations omitted). The agreements between St. Vincent and First Health Group and First Health Group and MEGA Life do not contain such clear and unequivocal language. In sum, St. Vincent has failed to explain why it should be excepted from the California rule that only a party to a contract may be sued on that contract.

St. Vincent also argues that principles of estoppel save its claims. Under the doctrine of equitable estoppel, "'[w]henever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it.'" *Honeywell v. Workers' Comp. Appeals Bd.*, 35 Cal. 4th 24, 37 (2005) (quoting Cal. Evid. Code § 623). But four elements

must be satisfied for the doctrine to apply: "'(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of the facts; and (4) he must rely upon the conduct to his injury.'" *Id. (*quoting *City of Long Beach v. Mansell*, 3 Cal.3d 462, 489 (1970)). At most, St. Vincent has established that MEGA Life's agreement with First Health Group secured specific reimbursement rates to network care providers. But that does not show that MEGA Life intended St. Vincent would act upon that language. Indeed, the text of the same agreement explains that there are no third party beneficiaries to the contract.

Finally, St. Vincent argues that its claims should proceed based on estoppel by ratification. But there is no indication that MEGA Life either "accept[ed] performance" under any contract with St. Vincent or that it "ma[de] payment on account" with St. Vincent. *Gaillard v. Natomas Co*., 208 Cal. App. 3d. 1250, 1273-74 (1989).

**AFFIRMED.**

4